UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESDRAS JONATHAS DOS SANTOS,

Petitioner,

Case No. 2:26-cv-2730-KCD-KRH

v.

U.S. ATTORNEY GENERAL, DIRECTOR DAREN K MARGOLIN, SECRETARY MARKWAYNE MULLIN, ACTING DIRECTOR DAVID J. VENTURELLA, MIAMI FIELD OFFICE D GARRETT RIPA, AFOD JUAN GONZALEZ, AFOD ASSISTANT FIELD OFFICE DIRECTOR, SHERIFF DAVID HARDIN,

Respondents.
_______________________________/

**ORDER**

Petitioner Esdras Jonathas Dos Santos is a citizen of Brazil currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He claims that his detention violates the Fourth and Fifth Amendments. (Doc. 1.)[1] The Government opposes the petition. (Doc. 8.)

Santos seems to suggest that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Amendment. The Court cannot agree. Santos's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Santos "has received a bond hearing," and he has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

The Court does not otherwise have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Santos has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the bond hearing, which is what Santos asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond.").

Finally, the Court does not consider Santos's Fourth Amendment claim regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065

(11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016). Nor will the Court consider his inadequate medical care claim. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

Because Santos has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on October 28, 2026.

Kyle C. Dudek
United States District Judge